John D. Andrews, Hamilton, and John B. Rogers, Hamilton, for plaintiff in error.

C. W. Elliott, Middletown, for defendant in error. *

WILLIAMS, J, (6th Dist), sitting by designation, in place of CUSHING, J.

## FINKLEMAN v C E McCUNE CO

Ohio Appeals, 1st Dist, Butler Co

No 603. Decided May 23, 1934

## OPINION

By ROSS, J.

The first question presented is: Does acceleration occur when suit by the payee or his assignee is upon the notes alone against the maker, when the provision for acceleration is contained only in the mortgage, referred to in the notes, and no foreclosure of the mortgage is sought?

Sec 367, "Mortgages," 27 O. Jur., p. 580, is as follows:

"Although it is well established that an acceleration clause in a mortgage declaring the entire indebtedness due upon default in the payment of any installment of principal, or of interest or taxes, gives the right to foreclose for the whole indebtedness, there is a lack of agreement in the cases as to the effect of such acceleration clause on the maturity of notes secured by the mortgage which themselves contain no ac-celeration clause. In a majority of jurisdictions, the acceleration clause is held to enter into and become a part of the note, so that the maturity of the note is advanced in like manner with the maturity of the mortgage. In Ohio, however, the rule seems to be that an acceleration provision in a mortgage, securing notes containing nothing upon their face to indicate that they are subject to the acceleration provision, does not affect the personal liability on the instruments secured · by the · mortgage,—does not hasten the maturity of the notes for the purposes of suit thereon for personal judgment,—but accelerates the maturity of the debt for the purpose of the foreclosure of the mortgage only. This view of the matter is supported by decisions in other states, although, as just stated, the majority view is otherwise.

"The Court of Appeals for Crawford County adopts the majority view and distinguishes the McClelland case.

"The debt may be due, and an action thereon maintainable, although the land was never bound by the lien of a mortgage to secure the debt."

We agree with the reasons and conclusions of the Court of Appeals in the cases noted, and agree with them that the case of **McClelland v Bishop, 42 Oh St, 113**, is not applicable nor controlling.

We conclude that the reasoning for the majority rule, as expressed in the text above, as applied to the instant case is more sound.

However, the defendant in error maintains that the judgment should be affirmed, for the reason that the petition failed to allege that the agreement to accelerate was contemporaneous with the execution of the note, or that there was a separate consideration for the agreement to accelerate.

The petition alleges that the "said defendant by a separate instrument in writing on or about the time of the execution of the note promised and agreed that in the event of non-payment of any three of the installments of principal and interest," there should be acceleration of other installments due. As stated before, the notes, recited in full in the petition, contain a notation thereon that they are secured by a mortgage upon real estate. It appears from the record that the original mortgage was lost and the plaintiff in error positively identified a record thereof as being a true copy of the mortgage in question. The record discloses the following:

"Q. Now, Mr. McCune, at the time of executing these two notes, identified as "A" and "B", did you sign any other instrument?

A. At the time we signed the notes? I don't believe so.

Q. Did you sign a mortgage?

A. Yes.

Q. On behalf of the company?

A. I think we did.

Q. And what property did they cover?

Objection by Mr. Elliott on behalf of defendant.

(The mortgage will speak for itself).

Objection overruled by the court, to which ruling of the court Mr. Elliott excepts.

Court: You better introduce it.

Mr. Andrews: We can't find it. We have it by record.

Ruling of the court is changed, and objection sustained, to which ruling of the court, Mr. Andrews on behalf of plaintiff excepts.

Mr. Andrews: That's all we have of this witness at this time."

* * *

"Q. This paper which you identified as having received on May 8th designated as Plaintiff's Exhibit No. 3, you may state if you know where the mortgage referred to therein is now?

A. The mortgage itself is lost, we can't find it.

Q. Have you made a search for it?

A. Yes. That mortgage was given to John Crist to have recorded and he has evidently lost it. He hasn't it in his possession.

Q. Now have you the record of this original mortgage which is purported to be filed February 7th, 1933?

A. Yes sir.

Q. Is this the record of it?

A. Yes sir, it is.

Q. That's mortgage book 284, page 352 of the Butler County Records.

A. Yes sir.

MR. ANDREWS: We want to offer this in evidence.

Objection by Mr. Elliott on behalf of defendant, on the ground it is immaterial.

Ruling withheld by the court.

* * *

Q. Now you may tell the court when you received these papers, No. 1 and No. 2?

A. At the date the mortgage was delivered.

Q. The mortgage referred to in these papers?

A. The mortgage was delivered the same time.

Q. Do you know what time that was, can you fix it?

A. The date is on the note.

Q. The date is December 24th, was it on that date?

A. A couple of days later.

Q. This mortgage you say was given to you at that time, do you have that mortgage?

A. It is left with John Crist some place.

Q. John Crist has it?

A. John Crist was supposed to deliver it to me. He said he mislaid it.

Q. Did you look for it?

A. Yes.

Q. Can't find it?

A. No.

Q. Are you familiar with the contents of the mortgage given you?

A. Yes.

Q. I'll ask you to take time to read this mortgage, it is found in Book 284 at page 352. Take time to read it and tell us if that is a copy of the mortgage given at that time?

Objection by Mr. Elliott on behalf of defendant.

Objection overruled by the court, to which ruling of the court, Mr. Elliott on behalf of the defendant excepts.

A. This is the mortgage.

Q. Is that the mortgage handed to you at that time?

A. Yes."

Under such circumstances, the copy of the mortgage should have been admitted in evidence. As the court reserved its ruling, the copy does not appear in the record. The record of the mortgage, as identified by the plaintiff in error, may have disclosed an appropriate agreement if acceleration existed. This, we are unable to determine from the state of the record.

It is our conclusion, therefore, that the judgment was correct in so far as it covered the amounts of installments due, and that error, prejudicial to the plaintiff in error, intervened in the failure of the court to admit the identified record of the lost mortgage in evidence.

The case is remanded for further proceedings in accordance with the conclusions herein expressed.

The judgment for the amount of the in-

stallments due is affirmed. The costs of the trial, in the Common Pleas Court, will be assessed against the defendant in error.

WILLIAMS, J, concurs.
HAMILTON, PJ, dissents.

## DISSENTING OPINION

By HAMILTON, PJ.

The facts are stated in the majority opinion. The law applicable to the case is stated in **McClelland v Bishop, 42 Oh St, 113,** in the fourth paragraph of the syllabus, which is as follows:

"Where there is a series of negotiable notes in the usual form for distinct sums of money, payable at distinct and specified times in the future, with a mortgage to secure each, according to its tenor and effect, which contains a stipulation that if default be made in the payment of any one, "then each and all should fall due, and this mortgage to become absolute as to all said notes remaining unpaid at the happening of such default." HELD, that such stipulation relates to the remedy by foreclosure or other proceedings under the mortgage, and upon such default the mortgage may be foreclosed for the whole debt. It is a stipulation for the advantage of the mortgagee, and of full force as to a remedy on the mortgage, but does not operate to vary or extinguish the obligations expressed on the face of the notes themselves for general purposes."

This pronouncement of the law has never been questioned or overruled by any subsequent decision. The majority opinion seems to rather approve the law as pronounced in some Appellate Court decisions, as stated in the opinion, and holds the case of McClelland v Bishop is not applicable nor controlling. However, I am not able to differentiate the law applicable to the instant case from that of the case of McClelland v Bishop. The pronouncement of the law in McClelland v Bishop is a binding authority upon this court, and is applicable to the case under consideration, therefore, the judgment of the Court of Common Pleas should be affirmed.